UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **FORD MOTOR COMPANY,** | NO. 08-CV-12960 |
| **Plaintiff,** | |
| VS. | DISTRICT JUDGE PATRICK J. DUGGAN |
| **UNITED STATES OF AMERICA,** | MAGISTRATE JUDGE MONA K. MAJZOUB |
| **Defendant.** / | |

FILED
JUL 21 2009
CLERK'S OFFICE
DETROIT

## OPINION AND ORDER GRANTING IN PART FORD MOTOR COMPANY'S MOTION TO COMPEL DISCOVERY

This matter comes before the Court on Plaintiff Ford Motor Company's Motion to Compel Discovery filed on May 14, 2009. (Docket no. 15). This motion has been fully briefed, and the Court held a hearing on the motion on July 20, 2009. (Docket nos. 21, 23, 25). The motion was referred to the undersigned for decision. (Docket no. 17). Plaintiff's motion is now ready for ruling.

Plaintiff brought this action under the internal revenue laws against the United States to recover interest that has allegedly accrued on overpayments of corporate income tax made by Ford to Defendant. (Docket no. 1). The years in question are calendar years 1983-1989, 1992, and 1994. The approximate cumulative amount in controversy as of April 30, 2008, with interest still accruing, is $445,292,207.

On January 21, 2009 Ford served its First Set of Interrogatories and Requests for the Production of Documents on Defendant. Defendant served its Response on March 25, 2009, after being granted an extension of time. The parties had discussions thereafter in an attempt to resolve

their discovery conflicts. In attempting to explain the portions of Defendant's discovery responses which Ford argues require supplementation, Ford grouped the issues by subject matter. (Docket no. 15 ex. B). The parties continued this method of presenting the issues in their Joint Statement of Resolved and Unresolved Issues. (Docket no. 25). Defendant argues that Issues 4, 5, and 6 listed in the Joint Statement are not included within Ford's discovery requests. Ford replies that these issues are subsets of information requested in their document requests 2 and 11. The Court finds that the information requested in Issues 4, 5, and 6 are included within Ford's document requests 2 and 11. Therefore, the Court will address the discovery issues by subject matter as the parties have addressed them in their Joint Statement, rather than by individual interrogatory and document request numbers.

**1.     Joint Statement Unresolved Issue 1**

Ford seeks all documents and communications, including emails, that refer or relate to three different subjects. (Docket no. 25 at 2). The major conflict on this issue is whether the Government's assertion that it has produced (or will be producing) all of the requested information is accurate. The Court is convinced that there is a need for the Government to supplement its discovery responses to verify, under oath, that all responsive documents have been produced. This declaration shall include a detailed description of the attempts to locate the requested information. With respect to the documents that the Government received from the IRS on July 9, 2009, Government's counsel during the July 20 hearing stated that the Government had completed its review of these documents and has produced the responsive documents, except for emails.

The search for responsive emails at the IRS is addressed by the declaration of Terence Milholland, Chief Technology Officer of the IRS. (Docket no. 26). He states that the IRS is in the

process of searching the individual computers of the current employees listed in Ford's First Request for Production of Documents number 18, as well as current employees Edythe Kuhn and Peter Oldani. Based on the information provided in that declaration, the Court finds that this search for emails on the individual computers of those employees identified by Ford satisfies the Government's obligation on this issue pursuant to Fed. R. Civ. P. 26(b)(2)(B), (C) (party need not provide electronically stored information from sources not reasonably accessible because of undue burden or cost). The Government's declaration shall address these attempts to recover responsive emails and include the search terms used to locate specific emails. The search of the employee email accounts must therefore be completed prior to the deadline for filing this declaration set out below.

The secondary conflict on this issue is that Defendant claims that it need only produce "original format" documents. During the July 20 hearing Defendant's counsel explained that non-original format documents would be those emails that have been overwritten and are irretrievable. In consideration of the Milholland declaration, the Court finds that attempts to recover such emails that have been overwritten would place an undue burden and cost on Defendant under Fed. R. Civ. P. 26(b)(2). Defendant therefore need not attempt to recover such documents.

Therefore, with respect to Issue 1, Defendant must supplement its responses for this information which will include a declaration verifying under oath that responsive documents have been produced and describing in detail the attempts made to locate responsive documents. This description will include the search of the employee email accounts referred to above. This supplement must be served on Plaintiff's counsel on or before August 12, 2009.

## 2. Joint Statement Unresolved Issue 2

Ford requests all information including emails that refer or relate to a specific payment of overpayment interest to Ford and to a specific adjustment to Ford's account. Defendant responds with a similar response to the one given for Issue 1 above. Ford's reply is the same as for Issue 1 above.

Because the conflicts on these issues are the same as those discussed above, the Court will require the same supplementation by Defendant. Defendant must supplement its responses for this information which will include a declaration verifying under oath that responsive documents have been produced and describing in detail the attempts made to locate responsive documents. This description will include the search of the email accounts for the employees identified in Defendant's responses to Interrogatories 5 and 6, and any other employee identified by the Government as being involved in the particular calculations at issue. This supplement must be served on Plaintiff's counsel on or before August 12, 2009.

## 3. Joint Statement Unresolved Issue 3

Ford asks for all policies, procedures, guidelines, etc., including emails, that relate to 7 subjects. (Docket no. 25 at 5). There is a conflict regarding whether Defendant must produce responsive documents such as regulations that are publicly available. Defendant must supplement its response to these requests by identifying any responsive documents with reasonable specificity which, for multi-section documents, will include page or section references. Defendant need not produce the identified documents which are indeed immediately publicly available to Ford. Otherwise, these documents must be produced.

4

Defendant states that it is withholding responsive documents in this category on the basis of relevancy, privilege, undue burden, and because they are not subject to disclosure under 26 U.S.C. § 6103 which prohibits disclosure generally of tax return information. (Docket no. 25 at 5). Ford argues that it has not received a proper privilege log from Defendant. In response to Issue 9, Defendant contends that it "has not produced a privilege log and/or confidentiality log because producing such a log would defeat the purpose of the Government's unduly burdensome objections." (*Id.* at 13). The Government has not produced any authority for this position. The Court is not aware of adequate support for such a position. Therefore, in accord with Fed. R. Civ. P. 26(b)(5)(A)(ii), the Government must produce for Ford an adequately detailed privilege log for the responsive documents that it withholds from production. This log must include responsive documents withheld on the basis that section 6103 prohibits disclosure. In this regard, Defendant should keep in mind Ford's position that it is not requesting documents which reveal the tax return information of other entities.

The Court overrules Defendant's general relevancy and burdensomeness objections to responsive documents. Rule 26(b)(1), Fed. R. Civ. P., sets the broad scope of permitted discovery. Ford's requests are relevant to the party's claims or defenses in this matter which include determining the procedure used by the IRS to make the calculations and decisions which led to the bases for this action. *See Marriott Int'l Resorts, L.P. v. United States*, 61 Fed. Cl. 411, 415-16 (Fed. Cl. 2004), *rev'd on other grounds*, 437 F.3d 1302 (Fed. Cir. 2006). To the extent that Defendant has made a specific showing that production would be unduly burdensome, such as for some emails discussed above, the Court has noted that objection. However, Defendant's general objections on this basis are overruled.

Finally, Defendant shall produce a declaration in the form described above to verify that an adequate search for responsive documents has been performed and that responsive documents have been produced.

Therefore, Defendant must supplement its responses to these discovery issues as set out above on or before August 12, 2009, including a proper privilege log and declaration.

### 4. Joint Statement Unresolved Issue 4

Ford asks for all information including emails that refer to or relate to the Government's position with respect to Ford's claim for interest based on remittances as detailed in the Complaint. Ford believes that the Government should interview certain IRS interest specialists so that relevant documents can be produced. Defendant responds that it has interviewed some of these specialists and has informed Ford of the documents that were available for the specialists to rely upon. Ford complains that references to the "Internal Revenue Manual" and Ms. Kuhn's training guide are insufficient; it wants the documents produced and appropriate sections identified.

With respect to this conflict, Defendant must supplement its response and identify documents or manuals that are immediately publicly available to Ford without producing them. However, if the documents contain more than one section, as the Court suspects the "Internal Revenue Manual" may, Defendant must identify the specific sections that are responsive to the requests.

Ford also argues that Defendant has not produced a proper privilege log for withheld documents. Defendant in its supplementation must provide a privilege log for withheld documents that complies with Fed. R. Civ. P. 26(b)(5).

Therefore, Defendant must supplement its responses to these requests as set forth above on or before August 12, 2009. This supplement must include a proper privilege log.

## 5. Joint Statement Unresolved Issue 5

Ford asks for all information, including emails, that refer or relate to the Government's position with respect to Ford's claim for interest based on an improper method of recapturing carryback allowances as detailed in the Complaint. (Docket no. 25 at 8). Again, Ford believes that Defendant should interview IRS specialists on the matter. Defendant contends that it has been unable to interview IRS employees on this matter because it does not understand what it is that Ford wants it to ask. At the July 20 hearing, after hearing from Ford's counsel, counsel for Defendant stated that Defendant now understands what it is that Ford is asking.

Therefore, Defendant must supplement its responses to these requests producing responsive documents and providing a privilege log for withheld documents on or before August 12, 2009.

## 6. Joint Statement Unresolved Issue 6

Ford asks for all information including emails that relate to the Government's position with respect to Ford's claim for interest based on the calculation of overpayment interest with respect to carryback allowance as detailed in the Complaint. Again, Ford believes that Defendant should interview IRS specialists on the matter. Defendant responds in a manner similar to its previous responses. Defendant also contends that the interviews of IRS employees are unnecessary because it admits that 26 U.S.C. § 6611 states that overpayment interest accrues from the due date of the return for the tax year in which the carryback allowance arose. Ford does not dispute this contention. (Docket no. 25 at 11). However, Ford makes the same objections regarding the identification of documents, the lack of a privilege log, and improper blanket objections. The Court has discussed such objections above.

Therefore, Defendant must supplement its responses to these requests producing responsive documents (and identifying the portions of those immediately available public documents) and providing a privilege log for withheld documents on or before August 12, 2009.

7. **Joint Statement Unresolved Issue 7**

Ford asks for all documents and communications including emails that refer or relate to other litigation involving the issues in this lawsuit. (Docket no. 25 at 11). Defendant's counsel states that she is not aware of any such litigation not involving the Plaintiff. (*Id.*). Defendant's obligation with respect to this request will be satisfied by a declaration from Defendant's counsel that after reasonable investigation she is not aware of any such litigation. To the extent that other litigation exists, Ford may ferret out those cases on its own.

Therefore, Defendant will include in its supplementation to these discovery requests a declaration that after reasonable investigation Defendant's counsel is not aware of other litigation of the type identified by Ford.

8. **Joint Statement Unresolved Issue 8**

Ford requests a declaration supporting the Government's withholding and/or redaction of any document based on the deliberative process privilege. (Docket no. 25 at 12). Defendant concedes that it has not produced a declaration supporting the deliberative process privilege, but states that it will do so if the Court rejects its relevance objections. The Court has rejected Defendant's relevance objections.

Therefore, Defendant must supplement its production with a detailed declaration supporting any withholding of documents based on the deliberative process privilege on or before August 12, 2009.

8

9. **Joint Statement Unresolved Issue 9**

Ford asks for a privilege log. The Court has already addressed this issue above. Defendant must produce a privilege log.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (docket no. 15) is **GRANTED** to the extent that Defendant must supplement its discovery responses as set forth above on or before August 12, 2009, and is otherwise **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: 7/21/09

MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE