UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

       Plaintiff,

v.                                                          Case No. 08-12960
                                                            Honorable Patrick J. Duggan

UNITED STATES OF AMERICA,

       Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART FORD MOTOR COMPANY'S EXPEDITED MOTION TO STAY DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 27, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
               U.S. DISTRICT COURT JUDGE

Plaintiff Ford Motor Company ("Ford") filed this lawsuit on July 10, 2008,

seeking interest it claims is due on overpayments of corporate income tax.  On July 21,

2009, the Government filed a motion for judgment on the pleadings pursuant to Rule

12(c) of the Federal Rules of Civil Procedure.  Presently before the Court is Ford's

"Expedited Motion to Stay Defendant's Motion for Judgment on the Pleadings," filed

August 14, 2009.  In its motion, Ford asks the Court to (a) stay all proceedings, including

briefing, on the Government's motion for judgment on the pleadings; (b) expedite

resolution of the Government's objections to Magistrate Judge Mona Majzoub's July 21,

2009 opinion and order granting in part Ford's motion to compel discovery; (c) order

discovery to continue without any further delay; and (d) set a schedule for post-discovery

cross-motions for summary judgment and, if necessary, a trial on any issues of fact.

Ford previously moved for an extension of time to respond to the Government's

motion for judgment on the pleadings, seeking an extension to September 2, 2009.  Ford

claimed that it needed an extension because there are "significant, and in some cases,

novel, issues" raised by the Government's motion.  (Doc. 29 at 1.)  Finding "good cause"

for an extension of time, this Court granted Ford's motion in an order issued on August

11, 2009.  Ford filed the pending motion to stay, now arguing that briefing on the

Government's motion should be stayed until after the close of discovery because Ford is

entitled to documents from the Government relevant to the IRS's interpretation and

operation of applicable statutes, regulations, rules and procedures.  Ford contends that it,

then, would be more proper to address the Government's arguments for dismissal (and

any additional arguments regarding the merits of Ford's action) in cross-motions for

summary judgment.

This Court agrees that, before Ford is required to respond to the Government's

motion for judgment on the pleadings, the Government's objections to Magistrate Judge

Majzoub's July 21, 2009 opinion and order should be addressed and the Government

should provide the disputed discovery, to the extent still required.  Ford has not

demonstrated, however, that any further discovery is needed before it can respond to the

motion.

In its pending motion to stay, Ford maintains that it needs information or documents addressing the IRS's interpretation and application of the statutory and regulatory scheme it implements and administers to respond to the Government's claim that a corporate taxpayer is not entitled to overpayment interest on "Converted Deposits" under the statutes, regulations, and revenue procedures (as asserted in the Government's motion for judgment on the pleading).  It appears to this Court, however, that this discovery is addressed in Magistrate Judge Majzoub's July 21 decision.  Therefore, upon resolution of the Government's objections to that decision, the Government will be required to provide Ford with that discovery or the Court will have found that the information and/or documents are not discoverable.  In any event, at that time, Ford should be able to respond to the Government's motion.  Ford has not demonstrated why a further stay is necessary.

Therefore, the Court grants Ford's request for a stay of the briefing related to the Government's motion for judgment on the pleadings.  The Court will set dates for Ford to respond to the Government's motion and for the Government to produce the disputed discovery, to the extent still required, when the Court rules on the Government's objections to Magistrate Judge Majzoub's July 21, 2009 decision.[1]  The Court intends to address the Government's objections as efficiently as possible.  The Court's May 15,

---

[1]Pursuant to Magistrate Judge Majzoub's July 21, 2009 opinion and order, the Government was required to produce the disputed discovery on or before August 12, 2009.  Thus a new date will have to be established if the Court's rules that the discovery still must be produced.

2009 Amended Scheduling Order otherwise remains in effect.

      **SO ORDERED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Richard E. Zuckerman, Esq.
Douglas C. Salzenstein, Esq.
Jennifer Zbytowski Belveal, Esq.
Christine S. Hooks, Esq.