UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

       Plaintiff,

v.                                    Case No. 08-12960
                                    Honorable Patrick J. Duggan

UNITED STATES OF AMERICA,

       Defendant.

_____/

## ORDER DENYING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE MAJZOUB'S JULY 21, 2009 ORDER AND DENYING AS MOOT DEFENDANT'S REQUEST FOR A STAY OF ORDER AND REVIEW PENDING OUTCOME OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 9, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff Ford Motor Co. ("Ford") filed this lawsuit, seeking interest it claims is

due on overpayments of corporate income tax.  On May 14, 2009, Ford filed a Motion to

Compel Discovery, which this Court referred to Magistrate Judge Majzoub in an order

filed on May 15, 2009.  On July 21, 2009, Magistrate Judge Majzoub issued an opinion

and order granting in part Ford's motion.  Presently before the Court are the

government's Objections to Magistrate Judge Mazjoub's decision, filed August 4, 2009.

In its objections, the government also asks the Court to stay the discovery order and the

Court's review of the order pending the outcome of the government's motion for

judgment on the pleadings.

As an initial matter, this Court's August 27, 2009 opinion and order renders the government's request for a stay of Magistrate Judge Mazjoub's order and this Court's consideration of that order moot.  As the Court concluded in that decision:

> . . . before Ford is required to respond to the Government's motion for judgment on the pleadings, the Government's objections to Magistrate Judge Mazjoub's July 21, 2009 opinion and order should be addressed and the Government should provide the disputed discovery, to the extent still required.

(Doc. 35 at 2.)  Thus the Court will address the Government's objections at this time.

A party may object to a magistrate judge's non-dispositive orders.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The magistrate judge's decision must be affirmed unless the objecting party demonstrates that the decision is "clearly erroneous" or "contrary to law." *Id*.  A district court may not reverse a magistrate judge's ruling on a non-dispositive matter simply because the court would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74, 105 S. Ct. 1504, 1511 (1985). Instead, the court may reverse only "'. . .when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id*. at 573, 105 S. Ct. at 1511 (quoting *United States v. U.S. Gypsum Co.,* 33 U.S. 364, 395, 68 S. Ct. 525, 542 (1948)). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *SEC v. McKnight*, No. 08-11887, 2009 WL 1107675, at *1 (E.D. Mich. Apr.

22, 2009) (quoting, *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86
(S.D.N.Y. 2002)).

In light of the authority relied upon by Magistrate Judge Majzoub and Ford, this
Court cannot conclude that the magistrate judge's order is "contrary to law." First,
Federal Rule of Civil Procedure 26 allows for broad discovery, including "any
nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P.
26(b)(1). The matter sought need not be admissible at trial; instead, it need only appear
"reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Second, the case law cited by the magistrate judge and Ford indicate that, at least
in tax cases, the documents Ford seeks are relevant and discoverable even though they are
otherwise publicly available and only may shed light on a legal issue– specifically the
IRS' interpretation of the statutory and regulatory scheme for overpayment interest. *See,
e.g., Ford Motor Co. v. United States*, 84 Fed. Cl. 168 (2008) (rejecting the government's
request for a protective order with respect to discovery of all documents relating to
particular revenue rulings, finding that "documents illuminating the IRS' own assessment
of these rulings are relevant for discovery purposes"); *Jade Trading LLC v. United States*,
65 Fed. Cl. 487, 492 (2005) (granting the plaintiffs' motion to compel discovery of
documents relating to the promulgation of a Treasury Regulation and the IRS' internal
interpretation of a term, reasoning that documents "relating to IRS' construction of [the
statutory term at issue] would potentially be relevant to the extent they embody the IRS'

3

interpretation of this term at any point in time pertinent to this action"); *Marriott Int'l Resorts, L.P. v. United States*, 61 Fed. Cl. 411 (2004) (same).  As the Federal Claims Court reasoned in *Jade Trading*:

> The *Marriott* Court found that documents relating to IRS' ongoing consideration and interpretation of a revenue ruling were relevant to the issue of whether the IRS had abandoned a longstanding interpretation of [the relevant statute], recognizing that 'conflicting interpretations of the law might constitute an important framework for the matters at issue.'"

65 Fed. Cl. at 493 (quoting *Marriott Int'l*, 61 Fed. Cl. at 416).

Magistrate Judge Majzoub's rejection of the government's general assertion that producing the requested documents would be unduly burdensome, also is not contrary to law.  A party opposing discovery requests must assert the ground for its opposition with specificity.  *See Powerhouse Marks, LLC v. Chi Hsin Impex, Inc.*, No. 04-73923, 2005 WL83477, at *2 (E.D. Mich. Jan. 12, 2006).  "'An objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence.'" *Id*. (quoting *Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D. Ind. 1992)).  As the Third Circuit Court of Appeals has explained:

> [T]he mere statement by a party that the interrogatory was "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery "must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive."

*Josephs v. Harris Corp.*, 677 F.2d 985, 992 (1982) (quoting *Roesberg v. Johns-Manville*

4

*Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980)).

For the above reasons, this Court concludes that Magistrate Judge Mazjoub's July 21, 2009 opinion and order granting in part Ford's motion to compel discovery is not contrary to law.

Accordingly,

**IT IS ORDERED**, that the government's request for a stay of Magistrate Judge Majzoub's July 21, 2009 discovery order and this Court's review of the order are **DENIED AS MOOT** and the government's objections to Magistrate Judge Majzoub's July 21, 2009 opinion and order are **DENIED**;

**IT IS FURTHER ORDERED**, that the government must supplement its discovery responses as set forth in Magistrate Judge Majzoub's July 21, 2009 order on or before twenty-one (21) days from the date of this Opinion and Order;

**IT IS FURTHER ORDERED**, that Ford's response to the government's pending motion for judgment on the pleadings must be filed within twenty-one (21) days of its receipt of the government's supplemented discovery responses.

PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Richard E. Zuckerman, Esq.
Douglas C. Salzenstein, Esq.
Jennifer Zbytowski Belveal, Esq.
Christine S. Hooks, Esq.

5