UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

       Plaintiff,

v.                                          Case No. 08-12960
                                          Honorable Patrick J. Duggan

UNITED STATES OF AMERICA,

       Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 27, 2009 ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 21, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Presently before the Court is the Government's motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(g), filed September 11, 2009. The Government seeks reconsideration of this Court's August 27, 2009 Order Granting in Part and Denying in Part Ford Motor Company's Expedited Motion to Stay Defendant's Motion for Judgment on the Pleadings. In that order, this Court granted Ford's request to stay the briefing related to the Government's motion for judgment on the pleadings until this Court rules on the Government's objections to Magistrate Judge Mona Majzoub's July 21, 2009 discovery order and the Government produces the disputed discovery, to the extent still required. The Government contends that the Court erred because

discovery cannot possibly impact the outcome of its motion for judgment on the pleadings, in which all factual allegations in the Complaint are taken as true. The Government further contents that discovery is not necessary with respect to the official interpretations of the relevant law because such interpretations are publicly available.

A motion for reconsideration will not be granted if it "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(g). "The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id*. As this Court previously quoted:

> "Whatever may be the purpose of [a motion for reconsideration] it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.
>
> Since the [movant] has brought up nothing new– except his displeasure– this court has no proper basis upon which to alter or amend the order previously entered. The judgment may indeed be based upon an erroneous view of the law, but, if so, the proper recourse is appeal– not reargument."

*Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

The Government raises the same objections to this Court's August 27, 2009 order that it raised in response to Ford's motion to compel, in its objections to Magistrate Judge Majzoub's order compelling discovery, and in response to Ford's expedited motion to stay the Government's motion for judgment on the pleadings. Despite these arguments, this Court and Magistrate Judge Majzoub have concluded that the Government should

produce the disputed discovery before Ford is required to respond to the pending motion for judgment on the pleadings. The Government fails to convince the Court with the same arguments that it is entitled to reconsideration of the Court's August 27, 2009 decision.

Accordingly

**IT IS ORDERED**, that the Government's motion for reconsideration is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Richard E. Zuckerman, Esq.
Douglas C. Salzenstein, Esq.
Jennifer Zbytowski Belveal, Esq.
Christine S. Hooks, Esq.