UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY,

    Plaintiff,

v.    Case No. 08-12960
    Honorable Patrick J. Duggan

UNITED STATES OF AMERICA,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REVIEW OF TAXATION CLERK'S ACTION AND FOR ORDER AUTHORIZING COSTS

Ford Motor Company ("Ford") filed this lawsuit against the United States ("Government") under the internal revenue laws, seeking to recover additional interest Ford claims it is due for calendar years 1983-1989, 1992, and 1994. The Government subsequently filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Ford filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). In an opinion and order issued June 3, 2010, this Court granted the Government's motion and denied Ford's motion. Judgment was entered in favor of the Government and against Ford on the same date. Ford filed a notice of appeal.

After Judgment was entered but before Ford filed its notice of appeal, the Government filed its Bill of Costs seeking to recover $1,173.75 representing its cost of copying 7,825 pages of documents produced or copied and withheld as privileged in response to Ford's discovery requests. The Clerk of Court declined to tax the copying

fees, noting that the court's Bill of Cost Handbook provides that "[e]xemplification and copy fees [are] not taxable without a court order authorizing the recovery of these costs." (Doc. 57.) In the pending motion, the Government asks the Court for an order authorizing its recovery of the copying costs.

Rule 54(d) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs– other than attorney's fees– should be allowed to the prevailing party." The Sixth Circuit Court of Appeals has interpreted this rule as "creat[ing] a presumption in favor of awarding costs, but allow[ing] denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). As provided by the Sixth Circuit, there are several circumstances in which a denial of costs is a proper exercise of the court's discretion:

> Such circumstances include cases where taxable expenditures by the prevailing party are "unnecessary or unreasonably large," . . . cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, . . . cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, . . . and cases that are "close and difficult."

*Id*. (internal citations omitted). Relevant factors that do not alone provide a sufficient basis for denying costs include "the good faith a losing party demonstrates in filing, prosecuting or defending an action" and "the propriety with which the losing party conducts the litigation." *Id*. (citations omitted).

Based on the following factors, the Court concludes that the Government is not

entitled to tax its copying costs against Ford. First, as reflected in this Court's decision, this was a close and difficult case requiring the Court to rule on an issue of first impression involving the statutory interpretation of the tax statutes and revenue procedure rulings. Second, as also reflected in the Court's decision, Ford's arguments in support of its interpretation of the law may have had some merit. Thus the Court believes that Ford acted in good faith in pursuing this litigation. Finally, because the Government believed that it was entitled to prevail based on its motion to dismiss, it vigorously fought to prevent Ford from conducting discovery in this case; thereby requiring Ford to expend significant resources to obtain the discovery it sought.

In short, the Court concludes that the circumstances of this case warrant a denial of the Government's request to tax costs against Ford.

Accordingly,

**IT IS ORDERED**, that the United States' Motion for Review of Taxation Clerk's Action and for Order Authorizing Costs is **DENIED**.

DATE: August 17, 2010        s/PATRICK J. DUGGAN
                             UNITED STATES DISTRICT JUDGE

Copies to:
Richard E. Zuckerman, Esq.
Jennifer Zbytowski Belveal, Esq.
Douglas C. Salzenstein, Esq.
Christine S. Hooks, Esq.